**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 11-2997

———————

SAHALA NADEAK,
                    Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                    Respondent

———————————————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A095-850-630)
Immigration Judge: Honorable Charles M. Honeyman

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2012

Before: FUENTES, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: February 3, 2012 )

———————

OPINION

———————

PER CURIAM

Sahala Nadeak petitions for review of a final order of the Board of Immigration

Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying withholding

of removal.  We will deny the petition for review.

Nadeak, a citizen of Indonesia, was admitted into the United States in April 2001 as a nonimmigrant visitor.  In January 2007, the Department of Homeland Security charged him with being removable under section 237(a)(1)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1)(B), as an alien who remained in the United States for a longer time than permitted.

Nadeak conceded removability but filed an application for withholding of removal.  (He also initially applied for asylum and relief under the Convention Against Torture, but then withdrew those applications.)  Nadeak claimed that he had been persecuted in Indonesia, and fears future persecution, due to his Christianity.[1]  In his affidavit, which he adopted at his administrative hearing, Nadeak recounted the mistreatment he suffered at the hands of Indonesian Muslims.  He claimed that in 1970, when he was a teenager, he was beaten by a group of Muslims.  Later, when he participated in chess tournaments, his opponents tried to intimidate him, and at university, he was treated less favorably than Muslim students.  Nadeak alleged that the discrimination continued during his adult years — his coworkers harassed him, he was denied promotions, protestors once rocked his car, and his neighbor threatened him.  Nadeak also stated in his affidavit that he feared that his nephew's wife's father would harm him if he returned to Indonesia because he had helped his nephew and his wife leave Indonesia; however, he repudiated that claim during his hearing.

---

[1] While Nadeak also occasionally refers to his Batak ethnicity, he attributes all of the discrimination that he has faced to his Christianity, not his ethnicity.

The IJ concluded that Nadeak was removable, finding that he failed to meet his burden of proof for withholding of removal. Nadeak appealed to the BIA, which dismissed his appeal. The BIA first affirmed the IJ's conclusion that Nadeak had failed to demonstrate that he had suffered past persecution, finding that the harm he suffered did not rise to the level of persecution. The BIA further agreed with the IJ that Nadeak had failed to establish a well-founded fear of future persecution. Accordingly, the BIA concluded that the IJ had correctly denied Nadeak's application for withholding of removal. Nadeak then filed a timely petition for review in this Court.

We have jurisdiction over the BIA's final order of removal pursuant to 8 U.S.C. § 1252(a). We review the decision and reasoning of the IJ to the extent that the BIA deferred to or adopted it; otherwise, we consider only the decision of the BIA. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). We must uphold the agency's factual findings, including its findings as to whether Nadeak has demonstrated past persecution or a well-founded fear of future persecution, if they are "supported by reasonable, substantial and probative evidence on the record considered as a whole." Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003). We will reverse a finding of fact only if "any reasonable adjudicator would be compelled to conclude to the contrary." § 1252(b)(4)(B).

Before considering the merits of Nadeak's petition, we briefly review the standard for statutory withholding of removal, the only substantive claim in this case. The INA provides that "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country

3

because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). This standard is similar to, but more stringent than, the standard for asylum — a withholding applicant must establish a "clear probability" that his life or freedom would be threatened because of an enumerated characteristic. Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003). If the alien shows that he or she has suffered past persecution, "it shall be presumed that the applicant's life or freedom would be threatened in the future in the country of removal." 8 C.F.R. § 1208.16(b)(1). An alien who has not suffered past persecution may prevail by showing that, in the country of removal, (1) he or she would be "singled out individually for . . . persecution" or (2) "there is a pattern or practice" of persecuting similarly situated individuals. § 1208.16(b)(2).

We discern no error in the BIA's disposition of this case. As an initial matter, substantial evidence supports the BIA's conclusion that Nadeak failed to show that he suffered past persecution. We have previously concluded that isolated attacks that do not require medical care, like the one Nadeak sustained in 1970, are not sufficiently severe to amount to persecution. See Jarbough v. Att'y Gen., 483 F.3d 184, 191 (3d Cir. 2007). We have likewise upheld agency determinations that the types of unfulfilled threats and general harassment that Nadeak has alleged here do not amount to persecution. See Li v. Att'y Gen., 400 F.3d 157, 164 (3d Cir. 2005). Similarly, given that Nadeak graduated from university and was consistently employed in Indonesia, he cannot show that he suffered from economic persecution. See Ahmed v. Ashcroft, 341 F.3d 214, 218 (3d Cir. 2003).

4

Nadeak argues that the agency improperly overlooked the beating he suffered in 1970 in evaluating whether he had established past persecution. We disagree. The IJ explicitly discussed this incident, and then ruled that, viewing Nadeak's evidence cumulatively, he had failed to show past persecution. Moreover, while the BIA did not specifically mention this incident in its opinion, it need not "write an exegesis on every contention, but only . . . show that it has reviewed the record and grasped the [petitioner's] claims." Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir. 2002) (internal quotation marks omitted). We are satisfied that the BIA fully understood Nadeak's claim and conclude that, for the reasons discussed above, the record does not compel a decision contrary to the BIA's.

We likewise conclude that substantial evidence supports the BIA's ruling that Nadeak failed to show that he would be persecuted in the future if he is removed to Indonesia. Nadeak argues at length that he would be singled out for persecution in Indonesia because his nephew's father-in-law wishes to harm him. However, while he initially raised this argument before the IJ, he disavowed the argument at his hearing, and then made no reference to the argument in his brief to the BIA. Accordingly, he has failed to exhaust this claim, which prevents us from considering it. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). Moreover, to the extent that Nadeak contends that he would be persecuted in Indonesia for other reasons, his claim is undermined by the fact that he returned for 3 months in 2000 and was not harmed. See generally Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005); see also Jean v. Gonzales, 461 F.3d 87, 91 (1st Cir. 2006).

5

Finally, the BIA did not err in denying Nadeak's pattern-or-practice claim. Despite his insistence to the contrary, Nadeak has not distinguished his argument, or the record on which it is built, from similar claims that this Court has rejected in the past. See Wong v. Att'y Gen., 539 F.3d 225, 233-34 (3d Cir. 2008); Lie, 396 F.3d at 537-38. Although Nadeak relied primarily on the State Department Country Report for 2007 (released in March 2008), our most recent decisions have noted that the reports from 2005 to 2007 document a trend toward "similar or improved" treatment for Indonesian Christians. See Wong, 539 F.3d at 234. It was entirely reasonable for the agency to reject Nadeak's claim on the basis of these reports, notwithstanding the scattered newspaper articles that he submitted showing that some anti-Christian discrimination persists in Indonesia. See generally Zubeda v. Ashcroft, 333 F.3d 463, 477-78 (3d Cir. 2003).

Accordingly, we will deny the petition for review.